Rosario Adolfo Reyes Jauregui
PO Box 2355
Huntington Beach, CA. 92647
rjreyesrealtor@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Rosario Adolfo Reyes Jauregui,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Department of Homeland Security<br>Federal Bureau of Investigation<br>Huntington Beach Police Department<br>David Hoang<br>Does #1-7,<br>　　　　Defendant(s). | Case No.:<br>8:23-CV-01633-MWF-(AJR)<br><br>Plaintiff's<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>**PURSUANT TO FED. R. CIV. P. 65(b)** |

　　　Plaintiff respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Injunction.
//
//

*Revised: August 2011*
*Prepared by Public Counsel*

# I. INTRODUCTION

The Court should grant Plaintiff's motion for a Preliminary Injunction against Defendants pursuant to Fed. R. Civ. P. 65(b) because Plaintiff is in danger of life, health, and property. Fed. R. Civ. P. 65(b) states that "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney [ie. Pro Se litigant] certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Plaintiff Rosario Adolfo Reyes Jauregui meets both of these requirements. On 8-31-23, Plaintiff filed a Civil Rights Complaint for damages pursuant to 42 U.S.C. 1983 against Defendants. Plaintiff included facts and exhibits which demonstrate that he is in danger of life, health, and property. Plaintiff has also made efforts to give multiple notices to Defendants, as further explained below.

# II. FACTS

As stated in Plaintiff's 34-page Compliant, Plaintiff has had to endure numerous unreasonable searches and seizures, death threats, vandalism, poisonings, and intentional infliction of emotional distress from the time period

between July 2021 until today, October 4, 2023. During this timeframe, Plaintiff has moved to three different residences to avoid the unconstitutional, reckless, and egregious behavior of the Defendants, but Defendants have followed him to each residence. Plaintiff argues that he is being targeted by agencies for unknown reasons and who are causing numerous physical injuries, threats, harassment, and property damages against the Plaintiff. This targeting infringes upon Plaintiff's federal constitutional rights as described in the 4th Amendment, 5th Amendment, 8th Amendment, 14th Amendment, and other federal statutes.

In keeping with Plaintiff's motion for preliminary injunction, Plaintiff argues the following: (1) Plaintiff has a strong likelihood of success on the merits, (2) Plaintiff will suffer irreparable injury without an injunction, (3) granting an injunction will not substantially injure others, (4) granting an injunction is in furthering the public interest, and (5) Plaintiff has given multiple notices to Defendants and their agents who have broken into his residence.

In accordance with these facts, Plaintiff hereby argues the following:

### III.  ARGUMENT

**1) PLAINTIFF ARGUES THAT THERE IS THE SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS IN THE CASE.**

Plaintiff argues that he will be successful in his case and his Claims will be proven by the preponderance of the evidence. Plaintiff possesses numerous lines of evidence that include the following: (a) police reports, (b) witnesses, (c) doctor and hospital reports, (d) pictures, (e) audio recordings, (f) video recordings, and (g) detailed personal journals. Proof offered in Plaintiff's Complaint, Exhibits, as

well as other evidence presented at Trial and during the Discovery phase demonstrate that Defendants' conduct, and the conduct of their agents acting under color of law, entitles the Plaintiff to relief and satisfactory judgment in the Plaintiff's favor.

## 2) PLAINTIFF ARGUES THAT HE WILL SUFFER IRREPARABE INJURY ABSENT AN INJUNCTION

If the Court does not grant this injunction, Plaintiff and his mother especially, will suffer irreparable injury by the acts of the Defendants and their agents. Defendants and their agents' actions are causing numerous constitutional violations, as well as physical injuries to the Plaintiff, and they constitute irreparable harm. The most severe and immediate irreparable harm committed by Defendants and their agents' actions are the indications of lung damage in Plaintiff's lungs, other physical ailments as a proximate cause of the Defendant's actions, and the poisoning of Plaintiff's food in his rented room at his residence in Garden Grove, CA..

Plaintiff also has had to endure death threats from unknown individuals, causing a danger to Plaintiff's safety, life, and liberty. Plaintiff argues that he is in immediate danger, since Defendants have conspired with current property manager, "Mai" Hoang, and have moved in roommates, or have conspired with current roommates, to violate Plaintiff's constitutional rights. Plaintiff's room is always locked and a security camera is set up in his bedroom, as well as multiple security cameras outside the house and in the living room. However, Defendants are able to turn off Plaintiff's security camera for the roommates who then break into Plaintiff's room at the residence in order to poison his food and to plant foreign human hairs and substances. Plaintiff has had to seal all his food closed. Roommates, acting under color of law, have been following the Plaintiff in and

around the residence, as well as on public streets. Roommates' conduct and statements toward the Plaintiff have been to the effect that they are working with agencies in charge.

Plaintiff also argues that his family may be in danger, especially his mother, who moved from Apple Valley, CA. and now lives in a residence in Beaumont, CA. and has had to endure similar harassment over the years. Plaintiff believes there is a male roommate at her new residence who is also an agent acting under color of law, who followed the Plaintiff and his mother on 9-5-23 when Plaintiff visited his mother. This John Doe has also demonstrated antagonism towards Plaintiff's mother.

Moreover, as of October 3, 2023, Defendants have been Retaliating against the Plaintiff for filing the original Complaint in U.S. Federal Court on August 31, 2023. Defendants have increased their break-ins into Plaintiff's rented residence and vehicles when Plaintiff leaves for work, as well as increasing the spraying of the Plaintiff with unknown toxins from the attic area of the residence into his bedroom. Defendants are retaliating against the Plaintiff, who is a party in this lawsuit, in possible further violations of the U.S. Code.

### 3) GRANTING AN INJUNCTION WILL NOT CAUSE SUBSTANTIAL HARM TO OTHERS.

Plaintiff argues that Defendants will not be harmed from being forced to stop engaging in illegal and abusive conduct: namely, the continual breaking and entering into Plaintiff's rented residence and vehicles, planting and spraying foreign toxins and substances, as well as damage to personal vehicles, in violation of the statutes listed above.

———

### 4) IT IS IN KEEPING WITH THE PUBIC INTEREST THAT A PRELIMINARY INJUNCTION WOULD BE GRANTED TO THE PLAINTIFF.

Plaintiff argues that protecting the rights of renters and business owners is in keeping with the Public interest. Therefore, Plaintiff argues that civil and constitutional rights violations should be prevented, if possible. Furthermore, over the course of more than 2 years, since about July 2021 to October 2023, Defendants have shown that they cannot protect the Plaintiff's constitutional rights; nor can they guarantee the safety of the Plaintiff and the public, since Defendants have attempted to cause multiple accidents on public streets and freeways against the Plaintiff and rideshare passengers in Plaintiff's vehicle.

Plaintiff, moreover, argues that numerous resources have been wasted by the Defendants and their agents who have been following him, stalking him, breaking in cotinually into his residence, and recording him on their cellphones for more than 2 years everywhere he travels. Instead, they have used these as opportunities to plant evidence, spray toxins, and plant foreign materials in his food and clothing; as well as to harass and threaten the Plaintiff and his family.

Thus, the public interest would be served in granting a preliminary injunction.

### 5) PLAINTIFF HAS GIVEN MULTIPLE NOTICES TO DEFENDANTS AND THEIR AGENTS.

Plaintiff argues that he has given multiple notices to Defendants and their agents who have broken into his residence and vehicles in the form of the following: (a) multiple notices left in Plaintiff's rented room (door and shelves), which include the California Penal Code 602.5, which prohibits unlawful entry, (b) police reports made to local agencies, (c) multiple verbal notices to Manager "Mai" Hoang at Plaintiff's current residence, (d) multiple text messages to Manager "Mai" Hoang, (e) multiple phone calls and in-person messages to current homeowners, Vu Nguyen and Tiffany Nguyen, (f) notices in the form of text messages to Plaintiff's family, (g) notices in the form of phone calls to Plaintiff's family members, (h) copies of the Civil Rights Complaint and Case number of

Plaintifff's lawsuit left on counters for agents to see, and (i) the Civil Rights Complaint with the U.S. Department of Justice on 10-13-21.

Despite these notices, Defendants have not stopped their egregious, reckless, and outrageous behavior, harassment, intentional infliction of emotional distress, threats, physical injuries, vandalism, and economic loss towards the Plaintiff.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff hereby respecfully requests the Court grant his Motion and issue a Preliminary Injunction while the case is being litigated, pursuant to Fed. R. Civ. P. 65(b). In accordance with the Injunction:

1) Plaintiff requests that the Injunction would apply to the following: (a) Defendants, (b) their agents, (c) any other agencies involved, and (d) any other persons who are in active concert or participation with the Defendants.

2) Plaintiff is requesting especially in the Injunction that: (a) break-ins into his Garden Grove, CA. residence would cease, (b) break-ins into his vehicles, currently a 2010 Nissan Versa and 2004 Volvo S60, would cease, (c) the spraying of unknown sprays into Plaintiff's bedroom would cease, (d) any foreign or electronic devices used by Defendants or their agents be removed from Plaintiff's vicinity and vehicles, (e) any gas, hoses, or spray type devices used to pump spray into Plaintiff's bedroom be removed from the attic area, garage area, or anywhere next to the Plaintiff's bedroom, (f) any form of harassment would cease, (g) any form of retaliation against the Plaintiff and his family by the Defendants be penalized by the Court, and (h) any violation of the Injunction by the Defendants be penalized by the Court.

3) Plaintiff also requests that the Injunction would be applicable to his immediate family against the Defendants (ie. Plaintiff's mother, brother, and three sisters) while the case is being litigated.

4) Any other relief in the Injunction that the Court deems just or proper at this time.


Dated: October 4, 2023

Respectfully submitted,


Rosario Adolfo Reyes Jauregui
 */s/ Rosario Adolfo Reyes Jauregui*
P.O. Box 2355
Huntington Beach, CA. 92647
rjreyesrealtor@gmail.com


Pro Se Plaintiff