UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO ADOLFO REYES JAUREGUI,<br><br>            Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>            Defendants. | No. 8:23-cv-01633-MWF-AJR<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

# I.

# INTRODUCTION[1]

On August 31, 2023, Rosario Adolfo Reyes Jauregui ("Plaintiff"), a California resident proceeding *pro se*, filed a "Civil Rights Complaint For Damages" pursuant to 42 U.S.C § 1983 ("Complaint"). (Dkt. 1.) The Complaint named as Defendants: (1) Department of Homeland Security; (2) Federal Bureau of Investigation; (3) Huntington Beach Police Department; (4) David Hoang; and (5)

---

[1] Because Plaintiff's pleadings, including the Complaint, First Amended Complaint, and all attachments thereto do not bear consecutive page numbers, the Court uses the CM/ECF pagination.

Does 1 to 6.  (Id. at 2-3.)

On October 10, 2023, Plaintiff filed a Motion for Preliminary Injunction against Defendants while this action is pending, which was denied by Judge Fitzgerald on October 19, 2023.  (Dkts. 9-10.)

On November 2, 2023, the Court issued an Order dismissing the Complaint with leave to amend.  (Dkt. 11.)  On December 1, 2023, Plaintiff filed the operative First Amended Complaint ("FAC").  (Dkt. 12.)  The FAC again names Defendant David Hoang and adds the United States and Does 1 to 3 (collectively "Defendants").  (Id. at 2.)  The FAC does not indicate the capacity in which Plaintiff sues Defendants.  (Id.)

## II.
## PLAINTIFF'S ALLEGATIONS

The factual allegations in the FAC, while more condensed, resemble those in the original Complaint.  Plaintiff alleges that from May 2021 to November 2023, agents working as state actors for the United States have committed harassment and battery on Plaintiff by breaking into his last four residences on a daily basis, surveilling Plaintiff's bedroom and bathroom using electronic surveillance devices, vandalizing his personal vehicles, and spraying toxic sprays and substances, including chemical aerosol, biowaste, and human hair.  (Dkt. 12 at 6-7.)

Plaintiff further alleges that Defendants David Hoang and Does 1 to 3, all acting as "significant state actors," likewise have harassed, stalked, and broken into Plaintiff's residences without a warrant.  (Id.)  Plaintiff contends that on October 21, 2021, Doe 1 used a chemical aerosol and sprayed a "'bullet-hole pattern'" on one of Plaintiff's dress shirt as a "death threat."  (Id. at 7.)  On multiple occasions, David Hoang and Doe 3 placed "bandsaws next to Plaintiff's window" to prevent Plaintiff from sleeping.  (Id.)  These named Defendants continue to spray or plant foreign toxins, including aerosol sprays, biowaste, and human hair, into Plaintiff's residence

2

and food on a daily basis. (Id. at 7-8.) Plaintiff alleges that these toxins and foreign substances have been making Plaintiff sick with severe abdominal pain, headaches, nausea, internal bleeding, and pain and suffering, for which he has sought medical treatment. (Id.)

Petitioner alleges three grounds for relief, in violation of his Fourth, Fifth, and Fourteen Amendment rights: (1) harassment; (2) battery; and (3) damage to personal property. (Id. at 3, 6-8.) As to all three claims, Plaintiff allegedly suffered pain and suffering and loss of personal vehicles, personal property, and wages. (Id.)

In his request for relief, Plaintiff seeks the following: (1) a preliminary injunction against Defendants for their ongoing wrongful conduct; and (2) monetary damages in the amount of $165,000. (Id. at 4.)

## III.
## STANDARD FOR DISMISSAL OF COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); see also Reunion, Inc. v. F.A.A., 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim

3

for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992). A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation and internal quotation omitted).

For the reasons discussed below, the Court DISMISSES the FAC with leave to amend.

## IV.
## DISCUSSION

**A.  The FAC Violates Federal Rule of Civil Procedure 8.**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, once again, Plaintiff's pleaded allegations in the FAC fail to comply with the standards of Rule 8. The FAC only contains allegations unrelated to Plaintiff's constitutional claims, including battery, harassment, stalking, and damages to his personal vehicles, residences, and belongings. (See Dkt. 12 at 6-8.)

Further, Plaintiff uses the term "Agents" or "Agents working as state actors for the United States" without specifying which agencies of the United States he refers (as there are many) and continues to make fantastic claims of alleged wrongdoing unsupported by specific factual allegations. (Id.) A complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Accordingly, Plaintiff's FAC consists of unrelated allegations with little or no relation to valid federal claims, all of which, as presented, are legally and/or factually patently frivolous.

**B.      Plaintiff's Claims Against Non-State Actors Fail.**

As the Court previously advised Plaintiff, Defendants David Hoang and Does 1 to 3 appear to be non-state actors ("Non-State Actor Defendants"). (Dkt. 12 at 3; 6-8.) Plaintiff's attempt to disguise these Non-State Actor Defendants by simply labeling them "significant state actors" is unavailing. Non-state actors cannot be sued under Section 1983 unless there is significant state involvement such that the private defendants are essentially agents for the government. See Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) ("Action taken by a private individual may be under color of state law where there is significant state involvement in the action." (quotation marks omitted)).

Here, again, the FAC does not contain sufficient allegations of state involvement to state a claim under Section 1983 against the Non-State Actor Defendants. As the Court previously stated, while Plaintiff has failed to plead a Section 1983 claim against the Non-State Actor Defendants, he may be able to bring state law causes of action against these defendants in California State Court.

### C. Plaintiff May Not Bring Any Official Capacity Claims Seeking Damages Or Any FTCA Claims Against The United States Or Its Agents.

As the Court advised Plaintiff, to the extent Plaintiff sues the "Agents" working for the "United States" in their official capacities, such claims against the "Agents" must be construed as claims against the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1993). The United States has not waived sovereign immunity with respect to constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Thomas-Lazear v. Fed. Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988). The doctrine of sovereign immunity thus bars constitutional claims for damages against the unnamed "Agents." See Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) (doctrine of sovereign immunity extends to federal employees in their official capacities).

To the extent Plaintiff alleges that unnamed Agents violated his constitutional rights pursuant to the Federal Tort Claims Act ("FTCA"), these claims are also dismissed. It is well-settled that the only proper defendant for claims brought under the FTCA is the United States, not federal employees sued in their official capacities. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action.").

### D. Plaintiff Fails To State A Claim Against Individual Defendants.

To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

As the Court previously advised Plaintiff, to the extent Plaintiff alleges that unnamed agents violated his constitutional rights, generally, courts do not favor

actions against "unknown" defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). However, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If that is the case, a court gives the plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities." Id. A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, any claims against unnamed agents if any, must be dismissed because the FAC once again fails to state what each of these defendants separately did in their individual capacity to violate Plaintiff's rights. To state a claim against more than one unnamed defendant, Plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., in the body of the Complaint and show how each defendant individually participated in the alleged constitutional violations, whether or not Plaintiff knows the defendant's name. If Plaintiff wishes to pursue his claims, he must make an effort to identify the agent's names.

## IV.
## ORDER

The FAC is dismissed with leave to amend. On or before **January 14, 2023**, Plaintiff shall file a Second Amended Complaint ("SAC") that attempts to remedy the identified defects. If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (8:23-cv-01633-MWF-AJR), be labeled "Second Amended Complaint," and be complete and of itself without reference in any manner to the original Complaint, the FAC, or any other documents (except any documents that Plaintiff chooses to attach to the SAC as exhibits). Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. Should Plaintiff decide to

7

file a SAC, he is encouraged to utilize the form complaint attached to this Order.

**Plaintiff is explicitly cautioned that failure to timely file a SAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

DATED: 12/15/23

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
Pro Se 1, Complaint for a Civil Case, available at,
https://www.uscourts.gov/sites/default/files/complaint_for_a_civil_case.pdf