1 Rosario Adolfo Reyes Jauregui
2 PO Box 2355
3 Huntington Beach, CA. 92647
4 rjreyesrealtor@gmail.com

6 Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
3/18/24
CENTRAL DISTRICT OF CALIFORNIA
BY: EB  DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosario Adolfo Reyes Jauregui,<br><br>      Plaintiff,<br><br>vs.<br><br>Department of Homeland Security<br>Federal Bureau of Investigation<br>Huntington Beach Police Department<br>David Hoang<br>Does #1-3<br><br>            Defendant(s). | Case No.: 8:23-CV-01633-MWF-AJR<br><br>**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE** |

   Here find the Plaintiff's reponse to the Court's Order to Show Cause why this action should not be dismissed with prejudice. This action should not be dismissed for the following reasons:

1) This action should not be dismissed because of (a) the gravity of the allegations in Plaintiff's Complaint, (b) the evidence that the Plaintiff possesses against certain named and unnamed defendants, and (c) the foregoing facts.

2) Certain named and unnamed defendants are still breaking and entering into Plaintiff's residence and vehicles with no warrant and have been battering the Plaintiff with toxins and sprays, in violation of Plaintiff's Constitutional rights. Plaintiff believes it is the government in coordination with law enforcement agencies and private individuals because of the reasons stated below. They continue to turn off Plaintiff's security cameras and break in in order to cause harm to the Plaintiff. Plaintiff has attempted to find out which agencies are involved but defendants have been uncooperative.

3) Plaintiff continues to assert the claims in his original Complaint and that an agency or agencies are fabricating evidence against the Plaintiff, including by 'hacking' into his cellphone remotely and altering photos and text messages.

4) Plaintiff has <u>not</u> been given an opportunity for Discovery of agencies involved.

5) Multiple people continue to harass and stalk the Plaintiff, and continue to break in and enter when Plaintiff leaves the residence.

6) Plaintiff alleges that the government has prevented the Plaintiff from obtaining an attorney, in violation of the 6th Amendment right to an attorney, as well as the 14th Amendment right to Due Process. The government has been intercepting and blocking Plaintiff's text messages, emails, and phone calls, including calls to attorneys he has contacted:

   (a) In October 2021, Plaintiff alleges that the government intercepted Plaintiff's confidential letters to the ACLU in Los Angeles, CA. [Exhibit I in Complaint]. Plaintiff's phone calls to the ACLU were diverted to voicemail and not returned. Plaintiff's letters were never delivered.

(b)     From 11/21 - 12/21, Plaintiff alleges that the government deleted advertisements for the Plaintiff seeking a "Civil Rights Attorney." [See Exhibit J in Complaint]. The ads were deleted from various different forums on the Craigslist website soon after he would post them.

(c)     Plaintiff alleges that the government has intercepted or blocked the Plaintiff's communications (phone, texts, and emails) to attorneys, thereby violating his civil and constitutional rights, 14th Amendment Due Process rights, and 6th Amendment right to an attorney.

(d)     In March 2023, the Plaintiff spoke to a detective from the Westminster Police Department regarding the break-in at his storage unit. When the detective attempted to contact the Plaintiff, he stated to the Plaintiff that his messages were being diverted to voicemail. Multiple people have also stated their phone calls to the Plaintiff are being diverted or not answered.

(e)     Plaintiff also alleges that his text messages, photos, and Facebook messages are being altered on his personal phone remotely in order to fabricate evidence against the Plaintiff.

(f)     In July 2021, the Plaintiff contacted the Sebat Law Firm in Irvine, CA. to attempt to retain a civil rights attorney. During the course of 4 months, the Plaintiff maintained contact with the law firm. The office legal staff would tell the Plaintiff that his case was "Pending." However, in September 2021, when the Plaintiff contacted them, the staff told the Plaintiff that they would not represent him.

(g)     In August 2021, the Plaintiff contacted the Siddiqui Law Firm in Costa Mesa, CA. The Plaintiff maintained contact with the law firm and sent pictures of evidence by email. However, in October 2021 when Plaintiff contacted them by phone, they stated to the Plaintiff that they would no longer represent him or advise him due to "national security."

(h)     In January 2023, the Plaintiff contacted the Ben Crump Law Firm, a national civil rights law firm. The staff later stated to the Plaintiff, "We do not sue the government" without offering any further explanation.

7)     There are serious allegations against the named and unnamed defendants, including multiple criminal allegations, which should be handled by an attorney who is familiar with government cases. Plaintiff believes that an agency, or

or agencies of the government, have attempted to falsely make him a "national security" threat and have outrageously treated him as such by their actions. Plaintiff believes that these unknown agencies have committed the same crimes against his brother, father, mother, and other family members.

8) Plaintiff argues that the government or a government agency may be trying to prevent the due course of Justice in Plaintiff's matter. Plaintiff believes that the government may be trying to silence him regarding the innocent deaths of his brother and father.

Based upon the facts stated above, as well as the 6th Amendment and 14th Amendment, the government cannot prevent a citizen's right to an attorney. Plaintiff argues that (a) the government cannot--and should not--prevent a Plaintiff's "Civil right to counsel," and (b) it cannot--and should not--block a Plaintiff's communications with an attorney for no other purpose than to prevent the Plaintiff's rights to Due Process or the due course of Justice. Plaintiff argues that the government has done both in order to prevent his "right to counsel."

Plaintiff hereby motions the Court for the appointment of attorney in his case.

Plaintiff hereby motions the Court to not dismiss the Complaint with prejudice because of the ongoing violations of civil rights by unknown government agencies.