# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    8:23-cv-01633-MWF-AJR                Date: March 20, 2024
                                                 Page 1 of 4

Title:  Rosario Adolfo Reyes Jauregui v. Department of Homeland Security, et al.,

DOCKET ENTRY: **ORDER DISCHARGING THE COURT'S MARCH 4, 2024 ORDER TO SHOW CAUSE (DKT. 19) AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (DKT. 20)**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On August 31, 2023, *pro se* Plaintiff Rosario Adolfo Reyes Jauregui ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff's initial Complaint and First Amended Complaint were dismissed with leave to amend on November 2, 2023 and December 15, 2023 respectively. (See Dkts. 11 & 13.) On January 17, 2024, the Court granted Plaintiff's request for more time and extended the deadline to file a Second Amended Complaint ("SAC") until February 16, 2024. (Dkts. 17, 18.) Plaintiff failed to file a SAC and therefore, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed with prejudice for failure to prosecute on March 3, 2024. (Dkt. 19.) In the OSC, the Court directed Plaintiff to file a SAC by March 18, 2024. (Id.)

Instead of filing a SAC, on March 18, 2024, Plaintiff filed the instant "Response to Court's Order to Show Cause" ("Response"). (Dkt. 20.) Generally, Plaintiff contends that this action should not be dismissed based on the same allegations asserted in his original

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     8:23-cv-01633-MWF-AJR                          Date: March 20, 2024
                                                            Page 2 of 4

Title:       Rosario Adolfo Reyes Jauregui v. Department of Homeland Security, et al.

Complaint. (Id.) Based on the Court's review of the Response, the Court's OSC is hereby **DISCHARGED**.

Further, embedded in the Response, Plaintiff appears to request "appointment of attorney in his case" because he alleges that the government has prevented him from obtaining an attorney by intercepting and blocking text messages, emails, and phone calls to attorneys and civil rights law firms. (Id. at 2-4.)

Plaintiff is advised that there is no constitutional right to appointed counsel in a civil action, including a civil rights action under section 1983. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The decision to appoint counsel is within "'the sound discretion of the trial court and is granted only in exceptional circumstances.'" Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). When deciding whether exceptional circumstances exist, the Court must evaluate both "'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff bears the burden of demonstrating the existence of "exceptional circumstances" warranting the appointment of counsel. Palmer, 560 F.3d at 970. To the extent that Plaintiff's request is based on the difficulties of his *pro se* status, Plaintiff fails to establish "exceptional circumstances" required for the appointment of counsel as this applies to virtually every *pro se* litigant. The Court believes that Plaintiff presently has the ability to articulate his claims without the assistance of counsel. Neither the facts nor the legal issues involved in this case are unusually complex. Furthermore, Plaintiff has filed a form Complaint, a First Amended Complaint and several motions, requests, and response to the Court. (See Dkts. 1, 2, 6, 7, 12, 17, 20.) Plaintiff's challenges therefore do not appear to pose an insurmountable obstacle to the litigation of his claims. See Palmer, 560 F.3d at 970 (trial court did not abuse discretion in denying motion for appointment of counsel where inmate plaintiff demonstrated an ability to represent himself at trial).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 8:23-cv-01633-MWF-AJR | Date: March 20, 2024 |
| | | Page 3 of 4 |

Title: <u>Rosario Adolfo Reyes Jauregui v. Department of Homeland Security, et al.</u>

     Plaintiff is also advised that there is a Federal Pro Se Clinic (the "Clinic") available for assistance. The Clinic offers information and guidance to individuals who are representing themselves in federal civil actions. The Clinic is administered by a non-profit law firm, Public Counsel, not by the Court. The Clinic is located in the Edward Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. Plaintiff may contact Public Counsel at 213-385-2977, Ext. 270. For more information, Plaintiff is further advised to visit https://prose.cacd.uscourts.gov/los-angeles. Additionally, Plaintiff can submit an online request for services at http://www.publiccounsel.org/seminars_clinics?id=0043. Plaintiff is advised that the Clinic provides consultations by appointment only.

     The Court believes that Plaintiff presently has the ability to articulate his claims without the assistance of counsel. Accordingly, Plaintiff's request for appointment of counsel is **DENIED** without prejudice. <u>Plaintiff is granted an extension and ordered to file a SAC by **April 9, 2024.**</u> Plaintiff is expressly advised once again that if he does not file a SAC by the Court's deadline, the Court may recommend that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.

     Plaintiff's SAC should attempt to remedy the pleading defects identified in the December 15, 2023 dismissal order (Dkt. 13), bear the docket number assigned to this case (8:23-cv-01633-MWF-AJR), be labeled "Second Amended Complaint," and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other documents (except any documents that Plaintiff chooses to attach to the SAC as exhibits). Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. Plaintiff is <u>strongly encouraged to utilize the Pro Se 15 form complaint attached to this Order</u>.

     If Plaintiff no longer wishes to pursue this action or certain claims or defendants, he may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     8:23-cv-01633-MWF-AJR           Date: March 20, 2024
                                             Page 4 of 4

Title:     Rosario Adolfo Reyes Jauregui v. Department of Homeland Security, et al.

     IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner),
https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.